[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ACCELERATED
 OPINION
In this accelerated appeal, Darrell E. Bryant argues that his conviction in the Warren Municipal Court for driving under suspension was against the manifest weight of the evidence. We disagree.
Officer Eric Merkle testified that on June 4, 1997, he spotted Bryant driving his gray, four-door Buick in the parking lot of an Amoco station located on Youngstown Road in Warren, Ohio. Bryant was waiting to pull out of the parking lot and onto the road as Officer Merkle passed by in his marked patrol cruiser. Recognizing Bryant, and remembering his license was suspended for lack of financial responsibility, Officer Merkle used his computer to determine its status. Finding that it was still under suspension, he returned to the Amoco station. The Buick was parked at one of the pumps, and Bryant was inside the station. Officer Merkle ticketed him and had the Buick towed. Bryant denied that he had driven the car.
The testimony of Bryant's witnesses, his ex-girlfriend and a clerk who works at the Amoco station, did not necessarily contradict the officer's testimony that Bryant was driving the Buick. The ex-girlfriend testified that she drove Bryant's car to the Amoco station to get an oil change, and that Bryant rode with her. She had a co-worker pick her up and take her back to work, leaving the Buick and Bryant at the station. She did not know what Bryant did after she left. The clerk testified that Bryant and the ex-girlfriend entered the Amoco station together, and that the ex-girlfriend left with a co-worker. The clerk gave Bryant some paperwork to fill out, and stated that he went out to the Buick to copy some serial numbers printed on the car door. Although the clerk said she did not see Bryant driving the Buick, she stated that he spent some of his time in the mechanic's bays. She also said she was very busy. Her testimony indicates that she did not watch Bryant for the entire time he was there. It is possible that Officer Merkle saw Bryant drive the Buick during the time he was not observed by either witness. Bryant himself did not testify.
It was within the trial judge's discretion to believe the officer over the incomplete testimony of the defense witnesses; that he did so was not a manifest miscarriage of justice.
We also note that Section 335.07(a)(1)(A) of the Codified Ordinances of Warren states:
 "No person whose driver's or commericial driver's license or permit or nonresident's operating privilege has been suspended or revoked pursuant to Ohio R.C. Chapter 4509, shall operate any motor vehicle within this Municipality, or knowingly permit any motor vehicle owned by him to be operated by another person in the Municipality, during the period of the suspension or revocation, except as specifically authorized by Ohio R.C. Chapter 4509.
The ordinance not only prohibits the owner of an automobile from driving under a financial responsibility suspension, but it also prohibits the owner from knowingly allowing another person to drive his uninsured automobile. The ex-girlfriend's testimony that she drove the Buick and that Bryant rode with her was sufficient, by itself, to convict.
The assigned error has no merit and the judgment of conviction is affirmed. _______________________ JUDGE ROBERT A. NADER
FORD, P.J.,
O'NEILL, J., concur.